SANDRA R. BROWN
Acting United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
SARA B. MILSTEIN (Cal. Bar No. 313370)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-8611
     Facsimile: (213) 894-0141
     E-mail:    sara.milstein@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>             v.<br><br>HENRY JOVANNY AMBRIZ et al.,<br><br>             Defendants. | No. CR 17-00106-PSG<br><br>[~~PROPOSED~~] ORDER REGARDING DISCOVERY CONTAINING CONFIDENTIAL INFORMANT INFORMATION |

The Court has read and considered the Stipulation and Joint Request for a Protective Order Regarding Discovery Containing Confidential Informant Information, filed by the government, HENRY JOVANNY AMBRIZ, and HIRAM TALAMANTE ZAVALA ("defendants") in this matter on April 26, 2017, which this Court incorporates by reference into this Order, and FOR GOOD CAUSE SHOWN the Court hereby FINDS AND ORDERS as follows:

1.  The government's discovery in this case relates to defendants' alleged crimes, which include conspiracy to possess with intent to distribute methamphetamine to a confidential informant,

possession with intent to distribute methamphetamine, and aiding and abetting in the possession with intent to distribute methamphetamine. In addition, defendant ZAVALA is alleged to have possessed heroin with intent to distribute it, and to have possessed fentanyl with intent to distribute it.

2.   Certain parts of the discovery in this case relate to the history of the confidential informant and contain personal identifying information.  The dissemination or distribution of these materials could compromise the ability of this confidential informant and other confidential informants, cooperating witnesses, and/or undercover agents to participate effectively in future investigations in an undercover capacity, and it could expose them to potential safety risks.

3.   The Court finds it is appropriate, therefore, for a Protective Order that would allow the government to produce discovery related to the confidential informant, but places limitations on each defendant's access to the discovery without his defense team present.

4.   The Court agrees that a Protective Order, as requested by the parties, will serve the government's interest in preserving the effectiveness and safety of confidential informants and/or cooperating witnesses, while permitting the defense to understand the government's evidence against defendants.

5.   Accordingly, the discovery related to confidential informants and/or cooperating witnesses that the government will provide to defense counsels in the above-captioned case will be subject to this Protective Order, as follows:

a. For purposes of the Protective Order, the term confidential materials includes any information relating to a confidential informant's or cooperating witness's history of cooperation with law enforcement, criminal history, or any other information that could be used to identify a confidential informant or cooperating witness, such as a name, address, date of birth, account number, driver's license number, personal identification number, telephone number, and social security number.  The term "Protected Information" refers to materials containing confidential information that the government produces to the defense pursuant to the Protective Order.

b. For purposes of the Protective Order, the term "defense teams" refers to: (1) defendants' counsels of record; (2) other attorneys at the defendants' counsels' law firms who may be consulted regarding case strategy in the above-captioned matter; (3) defense investigators who are assisting defense counsels with this case; (4) retained experts or potential experts; and (5) paralegals, legal assistants, and other support staff to defendants' counsels of record providing assistance on this case, who have been advised of their obligations under the Protective Order and have affirmed to defendants' counsels of record that they agree to be bound by the terms of the Protective Order.  The term "defense teams" does not include defendants, their family members, or any other associates of defendants.

c. Defendants' counsels of record agree to advise all members of the defense teams of their obligations under the Protective Order and ensure their agreement to follow the Protective

Order, prior to providing members of the defense teams with access to any materials subject to the Protective Order.

      d.   The government is authorized to provide defendants' counsels of record with Protected Information marked with the following legend: "CONTENTS SUBJECT TO PROTECTIVE ORDER."  If either defendant objects to any such designation, he may do so by application to the Court upon duly noticed motion, following meeting and conferring with the government regarding the objection.

      e.   Defendants may review Protected Information in this case only in the presence of their counsels of record, and their counsels of record shall ensure that defendants are never left alone with any discovery subject to the Protective Order.  Defendants may see and review Protected Information in the presence of their counsels of record, but defendants may not copy, keep, maintain, or otherwise possess any of such Protected Information in this case at any time.  Defendants must return any Protected Information to their counsels of record at the conclusion of any meeting at which defendants is permitted to view the Protected Information. Defendants may not take any Protected Information out of the room in which they are meeting with their counsels of record.  Defendants may not write down or memorialize any confidential materials contained in the Protected Information.  At the conclusion of any meeting with defendants, defendants' counsels of record shall take with them all Protected Information.  At no time, under no circumstance, will any Protected Information be left in the possession, custody, or control of defendants, whether they are incarcerated or not.

      f.    The defense teams shall not permit anyone other than the defense teams to have possession of Protected Information, including defendants themselves.

      g.    The defense teams shall access and use Protected Information for the sole purpose of preparing for trial or any related proceedings in this case. The defense teams may review Protected Information with a witness or potential witness in this case, including defendants. Before being shown any portion of Protected Information, however, any witness or potential witness must be informed of, and agree in writing to be bound by, the requirements of the Protective Order. No witness or potential witness may retain Protected Information, or any copy thereof, after his or her review of those materials with the defense teams is complete.

      h.    The defense teams shall maintain Protected Information safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials by: (1) not making, nor permitting to be made, any copies of Protected Information; (2) not permitting anyone other than defense team members and defendant as restricted above to see Protected Information; (3) not divulging to anyone the contents of Protected Information; and (4) not permitting Protected Information to be outside of the defense teams' offices, homes, vehicles, or personal presence.

      i.    To the extent that notes are made that memorialize, in whole or in part, the confidential materials in any Protected Information, or to the extent that copies are made for authorized use by members of the defense team, such notes, copies, or reproductions

become Protected Information subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

      j.   The defense teams shall use Protected Information and materials otherwise identified as containing confidential materials only for the litigation of this matter, and for no other purpose. Litigation of this matter includes any appeal filed by a defendant, and any motion filed by a defendant pursuant to 28 U.S.C. § 2255. In the event that a party needs to file Protected Information or materials otherwise identified as containing confidential materials with the Court or divulge the contents of such materials in court filings, the filing should be made under seal. If the Court rejects the request to file such information under seal, the party seeking to file such information shall provide advance written notice to the other parties to afford such parties an opportunity to object or otherwise respond to such intention. If the other parties do not object to the proposed filing, the party seeking to file such information shall redact the confidential materials and make all reasonable attempts to limit the divulging of confidential materials. The parties additionally agree that any confidential materials produced in the course of discovery in the above-captioned matter prior to the date of the Protective Order shall be subject to the terms of the Protective Order.

      k.   Defendants and the defense teams also agree that any confidential materials produced in the government's discovery prior to the date of the Protective Order shall be deemed covered by the terms of the Protective Order.

        l.    Upon the final disposition of this case, any Protected Information and materials otherwise identified as containing confidential materials shall not be used, in any way, in any other matter, absent a court order.  All materials designated subject to the Protective Order maintained in the defense team's files shall remain subject to the Protective Order unless and until such order is modified by court order.  Within thirty days of the conclusion of appellate and post-conviction proceedings, the defense team shall return Protected Information and materials otherwise identified as containing confidential materials to the government, or certify that such materials have been destroyed.

        m.    In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must join this Protective Order before any Protected Information or materials otherwise identified as containing confidential materials may be transferred from the undersigned defense counsel to the new defense counsel, who then will become the defense team's custodian of materials designated subject to the Protective Order and who shall then become responsible for returning all Protected Information and materials otherwise identified as containing confidential materials to the government upon the conclusion of appellate and post-conviction proceedings.

//
//
//
//
//

1      n.    Subject to subparagraph k above, the government may
2 produce Protected Information only after the Court issues the
3 Protective Order.
4     IT IS SO ORDERED.

```
     5/1/17                              PHILIP S. GUTIERREZ
    DATE                                 HONORABLE PHILIP S. GUTIERREZ
                                         UNITED STATES DISTRICT JUDGE

Presented by:

      /s/
    SARA B. MILSTEIN
    Assistant United States Attorney
```

8